UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. MJ-06-097 |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| v. | ) | MOTION FOR RELEASE |
| | ) | |
| GAIL BONNIE BARTELS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

At the May 8, 2006, hearing on Defendant's oral Motion for reconsideration (Ct. Rec. 17), Defendant was present with Assistant Federal Defender Kimberly A. Deater. Assistant U.S. Attorney K. Jill Bolton represented the United States.

The court finds there is a combination of conditions to reasonably assure the Defendant's future appearance. The pending warrant matter in Canada has been resolved. Defendant has no criminal history and if the captioned matter goes to penalty phase, it is unlikely she will face jail time. In addition, the $40,000 cash in her possession at the time of arrest has been seized.

**IT IS ORDERED** the Defendant's Motion **(Ct. Rec. 17)** is **GRANTED.** Defendant may be released, subject to the following conditions:

1.     **Defendant must sign and file with this court a Waiver of Extradition that reflects it was reviewed and explained, not only by Defendant's criminal defense attorney in the captioned matter, but also by Defendant's Canadian attorneys, for purposes of validity**

ORDER OF PROBABLE CAUSE AND DENYING MOTION FOR RECONSIDERATION -1

**under Canadian law.    Defense counsel also shall sign the Waiver.** Consultation with Canadian counsel may be by telephone at the Spokane County Jail, or Defendant may request a custodial telephonic meeting to occur at the United States Courthouse in Spokane.   If consultation with Canadian counsel is telephonic, a separate declaration signed by the Canadian counsel, certifying a consultation has occurred, may be filed in lieu of a signature on the Waiver.

2.   **Defendant timely shall arrange with the U.S. Attorney for the proper "parole documents," which reflect permission by the appropriate United States agencies to authorize Defendant's re-entry into the United States for purposes of attending the pretrial conference and trial and any other court or commitment dates.**

3.   It is Defendant's responsibility to know her court dates, and she shall appear at all proceedings and surrender as directed for service of any sentence imposed.   Defendant represents that she promises to do so voluntarily.

4.   Defendant shall not commit any offense in violation of Canadian, federal, state or local law.

5.   Defendant shall advise the court and the United States Attorney in writing and receive written permission from the court before any change in address.

6.   Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

7.   Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

8.   **Except for travel to the Eastern District of Washington for court-related matters,** Defendant shall remain in the Nelson,

ORDER OF PROBABLE CAUSE AND DENYING MOTION FOR RECONSIDERATION -2

Canada, area while the case is pending.  On a showing of necessity, Defendant may obtain prior written permission to leave this area from the United States Probation Office in Spokane, Washington.

9.   Defendant shall not possess a firearm, destructive device or other dangerous weapon.

10.   Defendant is further advised, if this matter proceeds to Indictment, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

11.   Defendant shall refrain from the excessive use of alcohol, and the use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

12.   Defendant shall report to the United States Probation Office before or immediately after her release and shall report at such times and in such manner as they direct.   Defendant shall contact her attorney at least twice a week.

13.   Defendant shall post a $25,000 appearance bond.

14.   **Prior to release, Defendant shall surrender her passport to the United States Probation Office,** or file a declaration that she does not possess and will not apply for a passport.   Defendant shall not reapply for a passport while the captioned case is pending.   This condition has been satisfied.

**Defendant is advised a violation of any of the foregoing conditions of release may result in the immediate issuance of an**

ORDER OF PROBABLE CAUSE AND DENYING MOTION FOR RECONSIDERATION -3

1  **arrest warrant, revocation of release and prosecution for contempt**
2  **of court, which could result in imprisonment, a fine, or both.**
3  **Specifically, Defendant is advised a separate offense is established**
4  **by the knowing failure to appear and an additional sentence may be**
5  **imposed for the commission of a crime while on this release.   In**
6  **this regard, any sentence imposed for these violations is**
7  **consecutive to any other sentence imposed.**
8       **IT IS FURTHER ORDERED:**
9       1.   The United States Marshal shall keep Defendant in custody
10  until notified by the District Court Executive or judicial officer
11  that Defendant has posted bond and/or complied with all other
12  conditions for release.   Until such time, Defendant shall be
13  produced before the appropriate judicial officer at the time and
14  place specified.
15       2.   At all times Defendant remains in the custody of the
16  Attorney General pending trial, regardless of whether it is in his
17  capacity as head of the United States Marshals Service, BTS, or
18  both, Defendant shall be afforded reasonable opportunity for private
19  consultation with counsel and delivered to the United States Marshal
20  for appearances in this court as required.
21       DATED May 9, 2006.
22
23              S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28

ORDER OF PROBABLE CAUSE AND DENYING MOTION FOR RECONSIDERATION -4